IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DERIC LAVELLE MAY, AIS #209534,** | : | |
| Plaintiff, | : | |
| vs. | : | **CIVIL ACTION 13-557-CG-C** |
| **RONZELLE HOWARD,** | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. For the reasons set forth below, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. §1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. *Dupree v. Palmer*, 284 F. 3d 1234, 1236 (11th Cir.

2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324, (11th Cir. 2001). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *see also Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) (the "Eleventh Circuit [has] determined that a prisoner must allege a present imminent danger, . . .under section 1915(g) . . .."); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (Plaintiff could not proceed under § 1915(g) because he failed to allege "that he was in imminent danger of serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger.").

The Court has taken judicial notice of its records, which reveal that May has filed at least three cases that have been dismissed as frivolous or for failure to state a claim upon which relief could be granted, namely: *May v. Culliver*, Case No. 1:10-cv-00121-CG-C (Southern District of Alabama) (complaint and amended complaint dismissed as frivolous, prior to service of process) (see Docs. 19, 35, 39, 40); *May v. Culliver*, USCA Case Number 12-11518 (Eleventh Circuit Court of Appeals) (appeal dismissed as frivolous) (see Case number 1:10-cv-00121-CG-C (Southern District of Alabama) Doc. 39)); *May v. Patterson*, Case No. 1:12-cv-00703-KD-N (Southern District of Alabama) (complaint dismissed as frivolous) (see Docs. 14, 17, 18); *May v. Barber,* Case No. 1:13-cv-00237-CB-C (Southern District of Alabama) (complaint dismissed as malicious, prior to service of process) (see Docs. 6, 10, 11); *May v. Barber*, Case No. 13-429-CB-M (Southern District of Alabama) (complaint dismissed pursuant to § 1915(g)). Thus, May's current filing comes squarely within the ambit of 28 U.S.C. § 1915(g), which precludes him from filing the instant action *in forma pauperis* unless he is "under imminent danger of serious physical injury."

In order to avoid the dismissal of the present actions pursuant to § 1915(g), Plaintiff's allegations need to satisfy the exception to § 1915(g), which requires that at the time of the complaint's filing Plaintiff was "under imminent danger of serious physical injury." *See Adbul-Akabar v. McKelvie*, 239 F.3d 307, 315 (3d Cir.) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied*, 533 U.S. 953 (2001); *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (The plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time.); *Brown v. Johnson,* 387 F.3d 1344, 1349 (11th Cir. 2004) ("[A] prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)."); *Ball v. Allen*, CA 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (citation and quotation marks omitted) (unpublished) (Granade, C.J.)(To satisfy the exception to § 1915(g), the plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]"). Plaintiff, however, has not done this.

In this action Plaintiff alleges Defendant Howard, the Captain at Holman Prison, held him in administrative segregation in June and July 2013 following the completion of two confinements in disciplinary segregation in violation of the Fourteenth Amendment. (Doc. 1 at 4). He contends these subsequent confinements in administrative segregation posed an "atypical and significant hardship" on him because:

> he was not allowed to attend religious services. . . . [His] telephone privileges were restricted. . . . His hair [was] only [] cut twice. . . [He had] limited access to legal services. The segregation unit is infested with rats and roaches. [His] food was often served cold. The roof leaks infront of

> [his] cell and almost caused him an accident. [He] is exposed to extremely cold tempretures [sic] in his cell. . . .
>
> Furthermore, [he] has a seizure disorder and he has been deprived of a padded cell. A serious injury is impending die to his seizure disorder and ventricloperitoneal [sic] shunt that is implanted in the right ventricle of his brain. [His] medication for his seizures is a nonexclusive brand and does not always work. If [he] ever has a seizure in his cell, he will hit his head repeatedly on steel, concrete, and iron and damage [the shunt].

(Doc. 1 at 4, 8).

In reviewing the allegations in the Complaint, the Court finds no evidence that Plaintiff was under imminent danger of serious physical injury at the time he filed this action. Mainly, Plaintiff filed a previous complaint with this Court, *May v. Barber*, CA 13-0429-CB-M, on or about August 21, 2013 (Doc. 1). The complaint of *May v. Barber* was filed approximately one to two months after the alleged unconstitutional administrative confinements occurred. However, despite the closeness in time to the complained of events, Plaintiff failed to mention the allegations regarding his confinement in his previous action. Plaintiff had access to the courts to file the action against Doctor Barber in August 2013; therefore, it reasons that he had ample opportunity to bring these claims had he been in imminent danger. Also, the fact that Plaintiff did not file this current action before the Court until November 8, 2013,[1] (Doc. 1 at 7), four to five months after the administrative confinements, evidences that the present allegations are not imminent, nor do they demonstrate that a serious injury is about to occur.

Furthermore, Plaintiff states purely conclusory assumptions about the *possibility* of injury occurring if he were to experience a seizure, but he gives no evidence as to the probability of this ever happening. Rather, Plaintiff details that he has a

---

[1] Under the mailbox rule, absent contrary evidence, a prisoner's complaint is deemed filed on the date it is delivered to prison officials for mailing. *See Houston v. Lack*, 478 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

ventriculoperitoneal shunt and medication to treat his seizure disorder; thus the likelihood of a seizure occurring, much less injury being caused by a seizure, is improbable and not imminent. Clearly, Plaintiff is complaining about past conduct, that is, administrative confinement that occurred months prior to his filing the Complaint. Accepting Plaintiff's allegations as true, the Court finds that they do not show that he was under "imminent danger of serious physical injury" at the time the Complaint was filed.

Because Plaintiff cannot avail himself of § 1915(g)'s exception, Plaintiff's action is due to be dismissed without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he *initiates* the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied*, 535 U.S. 976 (2002); Dupree v. Palmer, 284 F. 3d. 1234, 1236 (11th Cir. 2002) ("The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status [pursuant to the three strikes provision of § 1915(g)]. He must pay the filing fee at the time he initiates the suit.").

Because Plaintiff did not pay the $350.00 filing fee at the time that he filed the instant action and because he has failed to meet the "under imminent danger of serious physical injury" exception provided in § 1915(g), this action is due to be dismissed without prejudice. Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 10th day of June, 2014.

/s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE